H©bnbloweb, G. J.
It is objected by the counsel for the defendants : 1st. That no default was committed by the sheriff on this execution, during the period for which the bond was given, on which, this judgment was entered; and that if the default or neglect of duty which rendered the sheriff liable, occurred after the day of October, 1827, the Bank must look to the bond which had been given on Hamilton’s re-election, in October, 1827.
After the decision of this court, in 1 Green’s II. 16®, on a motion to amerce sheriff Hamilton in this very case, it cannot be pretended that he had been guilty of any default prior to his reelection in October 1827.
The validity therefore of this objection, depends upon the question, whether if another person had been elected in October, 1827, Hamilton must have turned over the execution, to such new sheriff, or have continued the execution of it himself? By the 31st section of the act, concerning sheriffs, (Rev. Laws 236,) it is enacted “ that every sheriff shall at the expiration of his office, turn over, in writing, &c. all writs, unexecuted, to the succeeding sheriff, who shall execute and return the same.” — If by unexecuted writs, are intended all writs, that have not been carried into full and complete execution, then the retiring sheriff must deliver over, ‘or transfer to his successor in office, all writs in his hands, not yet returned, and the duty and responsibility of completing the business remaining to be done on such as he has returned. But this has never been the practice, nor has the law ever been understood to require or justify such a course. A. capias is said to be executed, when the defendant has been arrested, though the return day has not yet arrived; and so in a legal and technical sense, afi.fa. is said to be executed., when the sheriff has made a levy under it, though he has neither sold the property, nor returned the writ. Den v. Young, 6 Halst. R. 300, 303. An un *156 executed writ, then, in the sense in which that word is used, in the statute, is one, upon, or in virtue of which, nothing has yet been done. If the sheriff to whom a writ is issued, commences the execution of it, he must continue to execute it even after he is out of office. The State v. Roberts and al. 6 Halst. 114. The State v. Sureties of Hardenburgh, 1 Penn. R. 355.
Sheriff Hamilton had commenced the execution of this writ: he had levied on the defendant's property under it, and if he had not been re-elected, he must, as late sheriff have finished the execution of it. His re-election did not alter the case; whatever he did or neglected to do in relation to that writ, he was responsible for, as late sheriff, and not as the newly elected sheriff.
It follows then, that those who were his bonds-men, in September and October, 1827, when he began the execution of this writ, are liable for any defaults he has been guilty of at any time since, in relation thereto.
2ndly. It is objected on the part of the defendants that the judgment of amercement against Hamilton, is no evidence as against his securities; that they were no parties to that proceeding, and had no opportunity of being heard, and ought not therefore to be bound or concluded by the amercement.
This objection, though plausible, and professing to be founded on the fundamental maxim, that no man is to be condemned without a hearing, is nevertheless unavailable. The rule is misapplied, in this case. The securities are already condemned by the judgment on their bond; and they were not condemned, without a hearing, or at least, an opportunity of being heard; they were regularly sued by due and .ordinary process of law, and condemned in the whole amount of the penalty of their bond. That judgment fixes them for all official delinquencies of their principal. By becoming his securities, they subjected themselves to the payment of such sums, as the law should impose upon their principal for official neglects. If it was necessary to give them notice of every motion to amerce the sheriff, it would, upon the same principle, be necessary to make them parties in an action for an escape or a false return, against the sheriff, which is never done.
The 3rd. and last objection is, that it is more than a year and a day, since the judgment of amercement was entered against the *157 sheriff: that no execution could now issue thereon against him without a scire facias, and therefore the judgment ought to be revived before it is enforced against the securities.
With whatever success the sheriff might resist an execution, until after scire facias, I am of opinion, that this motion cannot be defeated on that ground. A scire facias against the sheriff, would not afford him, nor his sureties any protection, that is not now, within their reach. The notice of this motion, which has been served on the defendants, is instead of, as respects them, better than a scire facias against the sheriff alone. This is a summary proceeding, and though we cannot, upon this motion go back of the amercement, yet every matter which might have been pleaded by the sheriff in bar of execution, if a scire facias had been issued, may be urged by the defendants in opposition to this motion. Let an assessment therefore be made, and an execution issue.
Ford, Justice, concurred.
Ryerson, Justice, gave no opinion, having been of counsel in the cause.

Motion granted.

Cited in State v. Lewis, 6 Vr. 380.